T.C. Memo. 1999-47


UNITED STATES TAX COURT


MICHAEL A. CONVISER AND BARBARA L. CONVISER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17468-97.          Filed February 17, 1999.


Robert A. Wherry, Jr., for petitioners.

Robert A. Varra, for respondent.


MEMORANDUM OPINION


COLVIN, Judge: Respondent determined that petitioners are liable for deficiencies in Federal income tax of $4,931 for 1993, $16,739 for 1994, and $14,229 for 1995.

After concessions, the sole issue for decision is whether discharge of indebtedness income from an S corporation increases petitioners' basis in that corporation. We hold that it does

not.  See <u>Nelson v. Commissioner</u>, 110 T.C. 114, 130 (1998), on appeal (10th Cir., May 8, 1998).

Section references are to the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

<u>Background</u>

The parties submitted this case fully stipulated under Rule 122.

A.  <u>Petitioners</u>

Petitioners lived in Aspen, Colorado, when they filed the petition in this case.

B.  <u>Mikama, Inc.</u>

Petitioners were shareholders in Mikama, Inc. (Mikama), from 1988 to 1995.  Mikama was an S corporation during the years in issue.  Petitioners owned a one-third interest in Mikama during the years at issue.

1.  <u>Dove Canyon</u>

From 1987 to 1995, Mikama was a general partner with a 10-percent interest in a limited partnership known as Dove Canyon Co. (Dove Canyon).  Dove Canyon was formed in 1987 to develop 874 acres of real property in Orange County, California.  After it bought the land, Dove Canyon built the major improvements on the property, including roads, a sewage system, a golf course, a clubhouse, and a swim and tennis club, and sold parcels of the development to builders to build homes on lots for sale to individuals.  Dove Canyon sold the last parcel in 1993.

2. Discharge of Indebtedness Income

Dove Canyon made a profit from its activities in its first years. Later, a downturn in the California real estate market, inflation, and increased interest costs resulted in significant losses on the project. In 1992 and 1993, banks forgave a substantial amount of debt owed by Dove Canyon. Thus, Dove Canyon realized $20,345,080 in discharge of indebtedness income in 1992 and $11,887,728 in 1993. Cost overruns and a decline in real estate values caused Dove Canyon's debts to exceed the value of its assets. The income from discharge of indebtedness was included in Dove Canyon's taxable income since, in the case of partnerships, the insolvency exception applies at the partner level. See sec. 108(a)(1)(B), (d)(6).

Mikama's allocable share of discharge of indebtedness income from Dove Canyon was $2,034,508 for 1992 and $1,188,773 for 1993. In 1992, Mikama excluded $2,034,508 from gross income under section 108(a)(1)(B). In 1993, Mikama excluded $952,600 from gross income because section 108(a)(3) limits the section 108(a)(1)(B) exclusion to the amount by which the taxpayer is insolvent.

Mikama's assets in 1992 and 1993 were its partnership interest in Dove Canyon and a small amount of cash. Mikama had cash before the discharge of indebtedness of $1,900 in 1992 and $1,100 in 1993.

3.  Petitioners' Share of the Discharge of Indebtedness
    Income

Petitioners' pro rata share, as one-third shareholders in Mikama, of Dove Canyon's discharge of indebtedness income was $678,170 for 1992 and $396,257 for 1993.  Petitioners' allocable share of the Mikama loss was $228,330 for 1993, $50,091 for 1994, and $623 for 1995.

4.  Petitioners' Basis in Mikama

Petitioners increased their basis in Mikama by the amount of their discharge of indebtedness income and claimed losses from Mikama of $228,330 in 1993, $5,032 in 1994, and $623 in 1995. Petitioners also carried over losses of $368,188 to 1994 and $269,101 to 1995.  Petitioners' basis in Mikama, without taking into account the discharge of indebtedness income, was $357 on December 31, 1993, $537 on December 31, 1994, and $6 on December 31, 1995.

The parties agree that, if petitioners may not increase their basis in Mikama by their share of the Dove Canyon discharge of indebtedness income, petitioners' deficiencies in income tax are $4,204 for 1993, $16,571 for 1994, and $12,437 for 1995.  The parties also agree that if petitioners prevail and as a result may increase their basis in Mikama by the discharge of indebtedness income, no deficiencies in income tax are due from petitioners for 1993, 1994, and 1995.

## Discussion

In Nelson v. Commissioner, supra, we held that a shareholder of an insolvent S corporation may not increase his or her basis

to reflect discharge of indebtedness income to the S corporation. The parties agree that <u>Nelson</u> controls here.  Accordingly, petitioners may not increase their basis in Mikama by their share of the Dove Canyon discharge of indebtedness income.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.